Yvonne M. Fraser, Esq. (CA. SBN #272946)
THE LAW OFFICE OF YVONNE M. FRASER
2100 Palomar Airport Road, Suite 214-38A
Carlsbad, CA 92011
Telephone: (619) 368-2180
Facsimile: (760) 888-1406

Attorney for Plaintiffs,
Beth Beard and Michael Beard

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH BEARD, an individual; and MICHAEL BEARD, an individual and husband of Beth Beard;<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 30, inclusive,<br><br>Defendant(s). | Case No.: '20CV0392 H    LL<br><br>**COMPLAINT FOR DAMAGES: PROFESSIONAL NEGLIGENCE; LOSS OF CONSORTIUM**<br><br>Unlimited Civil Complaint<br><br>DEMAND FOR BENCH TRIAL |

Plaintiffs, BETH BEARD and MICHAEL BEARD, in support of their complaint for damages against the Defendant, THE UNITED STATES OF AMERICA, allege as follows:

**THE PARTIES**

1. Plaintiff, Beth Beard, is an individual citizen currently residing in the County of San Diego.

2. Plaintiff, Michael Beard, is a retired marine and United States citizen, who currently resides in the County of San Diego with his spouse, Beth Beard.

1

COMPLAINT FOR DAMAGES

3. Plaintiffs, Michael Beard (hereinafter referred to as "Plaintiff" and/or "Mr. Beard") and Beth Beard (hereinafter referred to as "Plaintiff" and/or "Mrs. Beard"), have been and remain legally married to each other, pursuant to the laws of the state of California, at all relevant times to this complaint.

4. Dora T. Akutteh-Saforo, M.D., a family practitioner (hereinafter referred to as "family practitioner"), is an employee of Defendant, the United States of America, at the Naval Branch Medical Clinic San Diego, Clinic 13 ABC FP MHP Blue Team, a Defendant owned, maintained, and operated medical facility located in Oceanside, California.

5. Plaintiffs are ignorant to the names and identities of Does 1 through 30. Defendant will request leave of court to amend their complaint substituting the true identity of Defendant Does if Plaintiffs become aware of the true identity of such individuals and/or entities during the course of litigation.

6. This action is brought pursuant to the Federal Torts Claim Act (FTCA), 28 U.S.C.A §§1346(b), 2671 et seq., against the Unites States of America, which vests exclusive jurisdiction of Federal Torts Claims litigation in the Federal District Court.

## JURISDICTION AND VENUE

7. Venue for this action is appropriate in this District pursuant to 28 U.S.C. §1402, because the acts or omissions giving rise to this complaint occurred in the County of San Diego, California.

8. The events giving rise to the Plaintiffs' causes of action occurred at the Naval Branch Medical Clinic San Diego, Clinic 13 ABC FP MHP Blue Team (a federally owned medical facility that is maintained, and operated by the Defendant), located at BMC MCB CAMP PENDLETON, in the County of San Diego, between the time period of October 21, 2016 through April 18, 2017.

9. At all relevant times mentioned herein, Dora T. Akutteh-Saforo, M.D., based upon information and belief, was a physician duly licensed to practice medicine in the State of California, pursuant to the scope of practice afforded to a physician as promulgated and regulated under the laws of the State of California.

10. At all relevant times mentioned herein, Dora T. Akutteh-Saforo, M.D., based upon information and belief, was a physician and an active member of the United States Military.

11. The United States Military is owned, maintained, and operated by the Defendant, the United States of America.

12. Plaintiffs allege, based upon information and belief, at all relevant times mentioned herein, Dora T. Akutteh-Saforo, M.D., was a duly authorized agent and employee of the Naval Medical Clinic; Clinic 13 ABC FP MHP Blue Team, an office and agent of the Defendant, the United States of America, located at BMC MCB CAMP PENDLETON, 200 Mercy Circle, Oceanside, California, 92055, and was acting within the scope of her employment and agency.

13. On 03/01/2019, Plaintiffs submitted their claim for personal injuries, wrongful death, and damages in the amount of 2 million dollars to the Office of the Judge Advocate General, Torts Claim Unit Norfolk, 9620 Maryland Avenue, Suite #205, Norfolk, Virginia,, which agency has not responded to the claim as of September 01, 2019.

14. Plaintiffs' administrative claim was submitted timely on March 01, 2019, within the two-year statute of limitations, pursuant to Beth Beard's date of being diagnosed with breast cancer on or April 18, 2017.

15. Plaintiffs have not received a final response or adjudication, from the Defendants, to the submission of their administrative claim that was transmitted on March 01, 2019.

16. Plaintiffs, therefore, are timely filing their claim in the United States Southern District of California.

**FIRST CAUSE OF ACTION: PROFESSIONAL NEGLIGENCE**
**(Plaintiff, Beth Beard vs. Defendant)**

17. Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. At all times relevant hereto, Defendant United States of America, administered an agency entitled the Marine Corps Base Camp Pendleton Naval Hospital/Clinic located in Oceanside, California.

19. At all times relevant hereto, the Defendant, owned, operated, managed and controlled the Marine Corps Base Camp Pendleton Naval Hospital/Clinic located in Oceanside, California.

20. On or about October 21st, 2016, Plaintiff, Beth Beard, went to Naval Medical Clinic; Clinic 13 ABC FP MHP Blue Team, for a scheduled visit with family practitioner, Dora T. Akutteh-Saforo, M.D., regarding her concerns and complaints of a painful aching and a burning feeling associated with her right breast that had been ongoing for approximately 2 weeks. The duration of the pain was noted to be constant in intensity and frequency. Her pain level was subjectively described as a 3 to 4 on a scale of one to ten. Physical exam noted that the right breast was tender to palpitation.

21. The family practitioner quickly diagnosed the 52-year-old Plaintiff with a "pulled" The family practitioner spent approximately five to ten minutes with the Plaintiff after a medical assistant took and recorded the Plaintiff's vital signs and complaints.

22. The family practitioner stated to Plaintiff that she had sustained a "pulled" muscle of her right breast and stated to her that the symptoms were not anything to worry about and would resolve over a lengthy period of time due to the location of the pulled muscle. Plaintiff's assessment/plan by the family practitioner also diagnosed her with acute mastodynia of the right breast but normal clinical breast examination.

23. This diagnosis was made by the physician despite knowing that Plaintiff was mostly sedentary, did not lift weights or exercise, and had denied any type of trauma, injury, or fall that affected her chest wall in the area surrounding her right breast. Additionally, Plaintiff had a documented positive family history of bone cancer, cervical cancer, and non-Hodgkin's lymphoma on her mother's side of the family.

24. The family practitioner did not recommend to Plaintiff nor order a mammogram for the Plaintiff at that time.

25. Plaintiff underwent her regular yearly scheduled mammogram at Imaging Healthcare Specialists, on or about March 01, 2017. The mammogram was performed in a civilian facility located in Oceanside, California.

26. The mammogram showed a new mass near the 4 o'clock position in the right breast with no abnormal findings in the left breast. The mammogram was compared with Plaintiff's routine scheduled mammogram performed one year earlier in 2016.

27. Plaintiff underwent a right breast in situ hybridization [FISH] test on or about April 11, 2017 which was performed and ordered by Naval Medical Center San Diego and sent to Integrated Oncology for processing. The results, on or about April 18, 2017, recommended that a different block or resection of tissue be tested due to unequivocal results on the FISH test.

28. Plaintiff underwent anesthesia and an ultrasound guided biopsy of the right breast on or about May 3, 2017, which was performed by Drs. Cline and Gerhana, at Naval Medical Center San Diego.

29. Plaintiff was ultimately diagnosed with Grade IIA breast cancer which was BRCA 1 & 2 negative, Her2neu negative and Histological grade 3 which required an extended treatment plan which included chemotherapy, radiation, and a bilateral mastectomy.

30. Plaintiff was unable to work at her job as a teacher's assistant for the school district based upon the effects of chemotherapy and other treatments that she was required to undergo to treat the breast cancer. Thereby, Plaintiff sustained a loss of wages for an extended period of time.

31. Plaintiff, based upon information and belief, alleges that her breast cancer diagnosis would have required a simple lumpectomy if not misdiagnosed at time of her original visit with the family practitioner and if the family practitioner had exercised due diligence by ordering a mammogram at that time based upon Plaintiff's presenting symptoms and family history. Therefore, Plaintiff would not have been required to subsequently undergo debilitating medical treatments which included, but are not limited to, chemotherapy, radiation, and a mastectomy.

32. Defendants owed a duty to Plaintiff based upon the legally recognized doctor/patient relationship which required Defendant to exercise the degree of skill, judgement, and treatment that is the standard of care and adhered to by similar physicians in the local community.

33. Defendants breached their duty to Plaintiff by failing to order a mammogram despite Plaintiff vocalizing and detailing her symptoms, which were all common symptoms associated with a potential breast cancer diagnosis.

34. Defendant misdiagnosed Plaintiff and thereby caused a delay for Plaintiff to receive the correct diagnosis of breast cancer and a delay for Plaintiff in receiving appropriate medical care for the breast cancer diagnosis.

35. Defendant's negligence in diagnosing Plaintiff's breast cancer directly and proximately caused Plaintiff to receive a delayed diagnosis and treatment for the breast cancer. The Defendant's misdiagnosis delayed appropriate medical treatment for Plaintiff thereby directly and proximately causing the breast cancer to progress to an advanced stage which subsequently required Plaintiff to undergo extensive and invasive medical treatment.

36. Defendants' negligence in properly diagnosing and treating Plaintiff's symptoms and their underlying cause in October 2017 was the direct and proximate cause of Plaintiff's necessity to undergo chemotherapy, radiation, and mastectomy due to the progression of the breast cancer.

37. Defendant's negligence thereby caused Plaintiff to sustain damages to her physical and mental health that include(d), but are not limited to, physical pain, neuropathy, hair loss, nausea, anxiety, depression, marital stress, disability, lost wages, and lifelong concerns and anxiety for her health due to the advanced state of her breast cancer caused by the Defendant's misdiagnosis and delayed treatment for the breast cancer.

38. Plaintiff. Beth Beard seeks damages for the Defendant's misdiagnosis, delayed diagnosis, and delay in receiving necessary curative medical treatment for her breast cancer.

**SECOND CAUSE OF ACTION: LOSS OF CONSORTIUM**
**(Plaintiff, Michael Beard vs. Defendant)**

39. Plaintiff incorporates by reference Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. At all times, Michael Beard was the lawful spouse of Beth Beard.

41. Beth Beard has been harmed by Defendants and suffered the damages described herein.

42. As a direct and proximate result of Defendants' acts, conduct, and failure to act, which caused Beth Beard harm and damages, Michael Beard has been deprived, and will continue to be further deprived, of the love, companionship, comfort, care, assistance, protection, affection, society, and moral support each spouse gives the other through the triumph and despair of life, as well as the deprivation of a spouse's physical assistance in operating and maintaining the family home.

43. Plaintiff, Michael Beard, seeks damages for loss of consortium that was a direct and proximate cause of Defendant's negligence in correctly diagnosing and medically treating his wife, Beth Beard, for breast cancer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgement against Defendant on all causes of action for:

a) Damages in the amount of $2,000,000.

b) Interest, Costs, Disbursements, and attorney's fees; and

c) For such other and further relief that the Court deems just, proper, and equitable.

Date: February 26, 2020

THE LAW OFFICE OF YVONNE M. FRASER

Signature: /s/ Yvonne M. Fraser, Esq.

Attorney for Plaintiffs, Beth and Michael Beard

Email: yvonne@yfraserlaw.com